UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
NEHEMIAH BELLAMY,

                            Plaintiff,

          -against-

SEAN HANLEY, #5740; OFFICER REESE,
#6030; and GUIDO R. CIRENZA, #1381
(SUFFOLK COUNTY POLICE OFFICERS 1ST
PRECINCT)

                         Defendants.
----------------------------------------X

MEMORANDUM & ORDER
12-CV-1432(JS)(AKT)

APPEARANCES
For Plaintiff:      Nehemiah Bellamy, pro se
                     #12A0179
                     Collins Correctional Facility
                     P.O. Box 340
                     Collins, NY 14034

For Defendants:     Arlene S. Zwilling, Esq.
                     Suffolk County Attorney's Office
                     H. Lee Dennison Building, 5th Floor
                     100 Veterans Memorial Highway
                     P.O. Box 6100
                     Hauppauge, NY 11788

SEYBERT, District Judge:

        On March 19, 2012, plaintiff Nehemiah Bellamy ("Plaintiff"), proceeding pro se, commenced this action against defendants Officer Sean Hanley ("Officer Hanley"), Officer Reese ("Officer Reese"), and Detective Guido R. Cirenza ("Detective Cirenza") of the Suffolk County Police Department (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 alleging one claim of false arrest. Presently before the Court is Defendants' unopposed motion for summary judgment seeking to dismiss the Complaint. For

the following reasons, Defendants' motion for summary judgment is GRANTED.

BACKGROUND[1]

I.   Factual Background

       This action arises out of Plaintiff's arrest on April 20, 2011.  Plaintiff alleges that Officers Hanley and Reese went to his residence in Amityville, New York at the direction of Detective Cirenza to question him about a robbery.  (Compl. § IV.) According to the Complaint, after Plaintiff "humbly stated that [he] had no recollection of such an incident," Officers Hanley and Reese "forcibly grabbed [him] out of [his] home and arrested [him]" without a warrant.  (Compl. § IV.)

       Plaintiff was charged with Robbery in the First Degree in violation of New York Penal Law § 160.15.  (Defs.' 56.1 Stmt. ¶ 1, Ex. A, Docket Entry 34-2.)  On December 7, 2011, Plaintiff pleaded guilty to the lesser charge of Attempted Robbery in the Second Degree in violation of New York Penal Law § 110/160.10.  (Defs.' 56.1 Stmt. ¶ 3, Ex. B at 19.)

II.  Procedural Background

       Plaintiff filed the Complaint in this action on March 19, 2012 asserting one claim of false arrest in violation of the

_____

[1] The following facts are drawn from the Complaint and Defendants' Local Civil Rule 56.1 Statement ("Defs.' 56.1 Stmt.") and the exhibits attached thereto and submitted therewith.

Fourth Amendment.[2]   (Docket Entry 1.)   On May 6, 2013, Defendants

filed their motion for summary judgment.   (Docket Entry 41.)   On

June 12, 2013, Plaintiff filed a letter motion requesting an

extension of time to oppose Defendants' summary judgment motion.

(Docket Entry 42.)   The Court granted Plaintiff's request and

ordered Plaintiff to file his opposition on or before July 1, 2013.

However, Plaintiff has not filed an opposition to date and

Plaintiff's only communication with the Court since came on August

28, 2013 to advise the Court of Plaintiff's change of address.

(Docket Entry 44.)

DISCUSSION

Defendants move for summary judgment on the Complaint.

The Court will first address the applicable standard of review

before turning to the merits of Defendants' motion.

I.   Legal Standard

Summary judgment is appropriate where "the movant shows

that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."   FED. R. CIV.

P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); Celotex Corp. v.

---

[2] Prompted by Plaintiff's allegation in the Complaint that
Officers Hanley and Reese "forcibly grabbed" Plaintiff from his
home, the Court asked Plaintiff at the pre-motion conference on
February 28, 2013 whether Plaintiff was also asserting an
excessive force claim.   Plaintiff confirmed that he was not.

Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."  McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997).

"The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment." Id.; see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).  A genuine factual issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248. To defeat summary judgment, "the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson, 477 U.S. at 256).  "[M]ere speculation or conjecture as to the true nature of the facts" will not overcome a motion for summary judgment.  Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986); see also Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) ("Mere conclusory allegations or denials will not suffice." (citation omitted)); Weinstock, 224 F.3d at 41 ("[U]nsupported allegations do not create a material issue of fact.").

4

II.   <u>Plaintiff's Failure to File a 56.1 Statement</u>

As an initial matter, the Court notes that Plaintiff has not filed a response to Defendants' Local Civil Rule 56.1 Statement of undisputed material facts.  Before turning to the merits of Defendants' motion for summary judgment, then, the Court must address the legal significance of Plaintiff's failure to respond to Defendants' 56.1 Statement.

Local Civil Rule 56.1 requires that a party moving for summary judgment include with the motion a "separate, short, and concise statement of the material facts to which the moving party contends there is no genuine issue to be tried."  LOCAL CIV. R. 56.1(a).  "When a party has moved for summary judgment . . . and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party."  <u>Glazer v. Formica Corp.</u>, 964 F.2d 149, 154 (2d Cir. 1992).  In cases involving a <u>pro se</u> litigant, Local Civil Rule 56.2 provides that: "[a]ny represented party moving for summary judgment against a party proceeding <u>pro se</u> shall serve and file as a separate document, together with the papers in support of the motion, a 'Notice to Pro Se Litigant Opposing Motion for Summary Judgment' in the form indicated below."  LOCAL CIV. R. 56.2.  "The notice referred to in the rule advises the <u>pro se</u> litigant of the

5

possibility that the complaint may be dismissed and informs the litigant that she must submit evidence countering the facts asserted by the defendant and raising issues of fact for trial." Arum v. Miller, 304 F. Supp. 2d 344, 349 (E.D.N.Y. 2003).

Defendants served Plaintiff with a Local Civil Rule 56.2 notice along with their motion for summary judgment and Plaintiff has not opposed the motion. Accordingly, Defendants' assertions of fact in their Local Civil Rule 56.1 Statement are deemed admitted to the extent they are supported by admissible evidence.

III. Plaintiff Cannot Maintain a False Arrest Claim

To bring a claim under 42 U.S.C. § 1983, Plaintiff must show that a person, acting under color of state law, deprived him of a right guaranteed to him by the Constitution or federal law. See Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). Here, Plaintiff brings a Section 1983 alleging that he was falsely arrested in violation of the Fourth Amendment because Officers Hanley and Reese did not have a warrant to arrest him. (Compl. § IV.) However, Plaintiff's false arrest claim fails as a matter of law because Plaintiff entered a guilty plea in full satisfaction of the robbery charge brought against him.

"To succeed on a Fourth Amendment claim of false arrest pursuant to Section 1983, a plaintiff must prove the same elements required pursuant to New York State law, that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious

6

of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." Quinn v. City of Long Beach, No. 08-CV-2736, 2010 WL 3893620, at *5 (E.D.N.Y. Sept. 15, 2010) (citing Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003)); Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)). The existence of probable cause to arrest renders the confinement privileged and therefore is a complete defense to a claim of false arrest. Gonzalez v. City of Schenectady, 728 F.3d 149, 155 (2d Cir. 2013) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." (quoting Weyant, 101 F.3d at 852)).

A valid prosecution that results in a conviction establishes probable cause for the arrest, and therefore, acts as a complete bar to any claim of false arrest, "'even if the conviction is the result of a guilty plea to a lesser charge than that for which plaintiff was arrested.'" Harris v. City of N.Y., No. 09-CV-3474, 2013 WL 4858333, at *5 (E.D.N.Y. Sept. 10, 2013) (quoting Hope v. City of N.Y., No. 08-CV-5022, 2010 WL 331678, at *2 (E.D.N.Y. Jan. 22, 2010); see also Wims v. N.Y. City Police Dep't, No. 10-CV-6128, 2011 WL 2946369, at *3 (S.D.N.Y. July 20, 2011) ("'Since a guilty plea is the equivalent of a conviction, a guilty plea will also bar a § 1983 false arrest claim.'" (quoting

Hernandez v. City of New York, No. 00-CV-9507, 2004 WL 2624675, at *5 (S.D.N.Y. Nov. 18, 2004)).  A plaintiff suing for false arrest under Section 1983 "must show that the police lacked probable cause to arrest him for any unlawful conduct."  Sealey v. Fishkin, No. 96-CV-6303, 1998 WL 1021470, at *4 (E.D.N.Y. Dec. 2, 1998) (emphasis added).  Thus, if the plaintiff pleaded guilty even to a lesser charge, the plaintiff has "necessarily acknowledged that he was engaged in some unlawful activity for which the police could properly take him into custody" and his false arrest claim is barred.  Id.; accord Roundtree v. City of N.Y., 778 F. Supp. 614, 619 (E.D.N.Y. 1991) (holding that guilty plea to disorderly conduct precluded Section 1983 false arrest claim for arrest for possession of cocaine); Keyes v. City of Albany, 594 F. Supp. 1147, 1155 (N.D.N.Y. 1984) (holding that guilty plea to disorderly conduct precluded Section 1983 false arrest claim for arrest for assault).

Here, Plaintiff was arrested on April 20, 2011 and charged with Robbery in the First Degree.  (Defs.' 56.1 Stmt. ¶ 1, Ex. A.)  According to the transcript of the December 7, 2011 proceeding in Plaintiff's underlying criminal matter, Plaintiff pleaded guilty to Attempted Robbery in the Second Degree in full satisfaction of the charges against him.  (Defs.' 56.1 Stmt. ¶ 3, Ex. B at 19.)  Because Plaintiff pleaded guilty to resolve his criminal prosecution, he "necessarily acknowledged that he was engaged in some unlawful activity for which the police could

properly take him into custody." Sealey, 1998 WL 1021470, at *4. Accordingly, there being probable cause to arrest Plaintiff, Plaintiff's false arrest claim fails as a matter of law, and Defendants are entitled to summary judgment.[3]

### CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED and the Complaint is DISMISSED in its entirety. The Clerk of the Court shall enter judgment in favor of Defendants and is directed to mark this matter CLOSED.

Given Plaintiff's pro se status, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is denied for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

[THE BOTTOM PORTION OF THIS PAGE INTENTIONALLY LEFT BLANK]

---

[3] Defendants read the Complaint as also asserting a claim for malicious prosecution pursuant to Section 1983. The Court does not agree that the Complaint states a claim for malicious prosecution. Nevertheless, even if Plaintiff intended to bring such a claim, Plaintiff's guilty plea also would "negate[] a required element of [a] malicious prosecution claim: a showing that the underlying proceeding terminated in [Plaintiff's] favor." Wims, 2011 WL 2946369, at *3.

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to <u>pro</u> <u>se</u> Plaintiff.


                              SO ORDERED.


                              /s/ JOANNA SEYBERT
                              Joanna Seybert, U.S.D.J.

Dated:    February __7__, 2014
          Central Islip, NY

10